IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN GRANISH,

     Plaintiff,                    No. CIV S-04-2702 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.               ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment or remand, deny the Commissioner's cross-motion for summary judgment, and remand for immediate payment of benefits.

I. Factual and Procedural Background

        In a decision dated April 5, 2004, the ALJ determined plaintiff was not disabled.[1]

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability

1

1  The ALJ's decision became the final decision of the Commissioner when the Appeals Council
2  denied plaintiff's request for review.  The ALJ found plaintiff has medically determinable
3  impairments of depression and panic attacks, but these impairments were not severe at any time
4  prior to March 31, 2000, the date plaintiff was last insured for disability benefits, and plaintiff is
5  not disabled.  Administrative Transcript ("AT") 24-25.  Plaintiff contends the ALJ improperly
6  assessed the severity of her impairments by improperly rejecting the opinion of a treating and
7  testifying psychiatrist and the ALJ improperly discredited the testimony of plaintiff's husband.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

---

is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

    A. Severity of Impairment

        Plaintiff contends the ALJ committed error at step two by finding plaintiff's mental impairment was not severe. An impairment is not severe only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996). In this

case, the ALJ found plaintiff has medically determinable impairments of depression and panic attacks but these impairments were episodic in nature and not severe. AT 23.

Central to the ALJ's evaluation of the severity of plaintiff's mental impairment was the rejection of the opinion of the treating and testifying psychiatrist, Dr. Patricia White. Dr. White opined that plaintiff met Listing 12.04[2] prior to March 31, 2000, the date on which plaintiff was last insured for purposes of disability benefits under Title II. Plaintiff asserts the ALJ's reasons for rejecting Dr. White's opinion are insufficient.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d

---

[2] The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985). Listing 12.04 covers "affective disorders."

1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. <u>Lester</u>, 81 F.3d at 831.

        Dr. White saw plaintiff for a psychiatric evaluation in November 1995 and again in 1997 after a psychiatric hospitalization. AT 31, 337, 338. Dr. White also testified as an expert with respect to plaintiff's mental impairments. AT 29-41. Dr. White opined plaintiff met Listing 12.04 from 1995 to the time of the hearing in February 2004. AT 34. The doctor clarified that this opinion was based on the medical records of plaintiff's treating therapist Jill Saguinetti, treating general practitioner Dr. Wong, who prescribed psychotropic medications, and psychiatrist Dr. Zia, who treated plaintiff after the relevant time period, as well as the records from hospitalizations for psychiatric problems in 1989, 1997 and 2001. AT 36-39. Dr. White testified that based on the chronology of plaintiff's treatment, medications and psychiatric hospitalizations, she was "pretty positive" that plaintiff met Listing 12.04 between 1995 and 2001. AT 40.

        The ALJ rejected Dr. White's opinion because it relied on the records of Dr. Zia. AT 23. As noted above, however, Dr. White's retrospective opinion was based on the entirety of plaintiff's psychiatric treatment record. Although sparse for the relevant time period, the record includes evidence of psychiatric treatment during that time; contrary to the ALJ's characterization of Dr. White's testimony, the opinion was based on the entire "chronology" of plaintiff's treatment. AT 36. The ALJ also apparently[3] rejected Dr. White's opinion because

---

[3] The ALJ's discussion of Dr. White's testimony is included in the paragraph addressing whether plaintiff's impairments are severe. AT 23. It is not clear from the opinion what the explicit reasons are for rejecting Dr. White's opinion other than that the doctor relied on the

5

1 plaintiff did not seek continuing, ongoing mental health treatment during the relevant time
2 period.  AT 23.  As discussed below, the ALJ improperly rejected the testimony of plaintiff's
3 husband that the reason for this failure was because his health insurance would not pay for
4 psychiatric treatment.  AT 49-50.  The ALJ also mischaracterized both Dr. White's testimony
5 and the medical record by indicating plaintiff was doing well when seen by Dr. White.  Although
6 Dr. White stated in a November 1995 letter to plaintiff's treating physician Dr. Wong that
7 plaintiff was "progressing well in her present treatment regimen" and had responded well to the
8 use of certain medications, Dr. White clarified in her testimony that it was her understanding at
9 the time that plaintiff was simply progressing toward a treatment goal of being able to return to
10 the workplace.  AT 41, 337.  In rejecting Dr. White's opinion, the ALJ agreed with the state
11 agency consultants that there was insufficient evidence to determine the severity of plaintiff's
12 impairment.  AT 24, 249, 263.  Without other evidence, these opinions are insufficient to reject
13 the opinion of Dr. White.  The reasons given for rejecting Dr. White's opinion are neither
14 specific nor legitimate.

   B.  Lay Witness Testimony

16         Plaintiff also contends the ALJ improperly discredited the testimony of her
17 husband.  "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects
18 ability to work is competent evidence, and therefore cannot be disregarded without comment."
19 Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915,
20 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's
21 symptoms and daily activities are competent to testify to condition).  "If the ALJ wishes to
22 discount the testimony of the lay witnesses, he must give reasons that are germane to each
23 witness."  Dodrill, 12 F.3d at 919.
24 /////

---

26 records of treating psychiatrist Dr. Zia.

1   Plaintiff's husband testified that during the relevant time period, plaintiff would
2 do nothing during the day and would sleep for extremely long periods. AT 50. He also testified
3 plaintiff would not help with the household chores and that he had to be both father and mother
4 to his daughters because they no longer had a mother. AT 51. According to his testimony, his
5 insurance would cover only Dr. Wong's treatment and his income level was too high for publicly
6 subsidized psychiatric treatment. AT 49-50. The ALJ improperly discredited plaintiff's husband
7 by mischaracterizing his testimony as stating plaintiff did not seek psychiatric treatment due to
8 financial problems and then relying on treatment by Dr. Wong as evidence that plaintiff had
9 medical insurance sufficient to cover such treatment. AT 24. The ALJ then discredited the
10 testimony of plaintiff's husband with respect to plaintiff's limitations as unsupported by medical
11 evidence that could not be developed because of the lack of insurance. The reasons given by the
12 ALJ for discrediting the testimony of plaintiff's husband are not supported by the record; the
13 husband's testimony therefore will be credited.

14   The remaining question is whether to remand this case to the ALJ or to order the
15 payment of benefits. "The decision whether to remand the case for additional evidence or simply
16 to award benefits is within the discretion of the court." Pitzer v. Sullivan, 908 F.2d 502, 506
17 (9th Cir. 1990); Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will
18 direct the award of benefits "in cases where no useful purpose would be served by further
19 administrative proceedings or where the record has been thoroughly developed." Varney v.
20 Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

21   Here, the ALJ improperly rejected the opinion of Dr. White. Where the ALJ "fails
22 to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the
23 court] credit[s] that opinion as a matter of law." Lester v. Chater, 81 F.3d 821, 834 (9th Cir.
24 1995). Dr. White testified plaintiff met Listing 12.04 during the relevant time period.
25 Conditions described in the listings are considered so severe that they are irrebuttably presumed
26 /////

1 disabling. 20 C.F.R. § 404.1520(d). This matter therefore will be remanded for immediate
2 payment of benefits.
3     For the foregoing reasons, this matter will be remanded under sentence four of 42
4 U.S.C. § 405(g) for immediate payment of benefits.
5     _____ Accordingly, IT IS HEREBY ORDERED that:
6     1. Plaintiff's motion for summary judgment is granted.
7     2. The Commissioner's cross-motion for summary judgment is denied.
8     3. This action is remanded to the Commissioner for immediate payment of
9 benefits.
10 DATED: March 22, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
granish.ss

8